IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIDGET KRIEMAN, ) | |
| ) | |
| ANTHONY KRIEMAN, ) | JUDGE JOAN H. LEFKOW |
| ) | |
| DARLENE KRIEMAN, ) | |
| ) | **05C 0348** |
| Plaintiffs, ) | |
| ) | |
| v., ) | |
| ) | **Jury Trial Demanded** |
| CRYSTAL LAKE APARTMENTS ) | |
| LIMITED PARTNERSHIP, ) | MAGISTRATE JUDGE LEVIN |
| ) | |
| CRYSTAL LAKE INVESTMENTS ) | |
| LIMITED PARTNERSHIP, ) | |
| ) | |
| EQUITY PROPERTY MANAGEMENT, ) | |
| L.L.C., ) | |
| ) | |
| DOTTIE DANCA, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiffs, by their attorneys Joseph Butler, the John Marshall Law School, Fair Housing Legal Clinic, bring this action for declaratory, injunctive and monetary relief against Defendants Crystal Lake Apartments Limited Partnership, Crystal Lake Investments Limited Partnership, Equity Property Management; and Dottie Danca. Defendants have discriminated against the plaintiffs on the basis of race and color, in actions arising from the management of property located at 130 Woodstock, Crystal Lake, McHenry County, Illinois.

## Jurisdiction

1. This action arises under the Fair Housing Act, 42 U.S.C. §3601 *et. seq.* Jurisdiction is conferred on this Court by 28 U.S.C. §1331 and 42 U.S.C. §3613.

## Parties

2. Plaintiff Anthony Krieman ("Anthony") is a male bi-racial (African-American and Caucasian) minor child, who resided at 130 Woodstock, Apartment D, Crystal Lake, Illinois (the "Apartment") for 12 years, between August, 1990 and June, 2002.

3. Plaintiff Bridget Krieman ("Bridget") is a female white citizen of the United States, who resided at 130 Woodstock, Apartment D, Crystal Lake, Illinois for 23 years between September, 1978 and June, 2002. Bridget is the mother of Anthony.

4. Plaintiff Darlene Krieman ("Darlene") is a female white citizen of the United States who resided at 130 Woodstock, Apartment D, Crystal Lake, Illinois for 23 years, with Bridget, between September, 1978 and June, 2002. Darlene is the mother of Bridget and the grand-mother of Anthony.

5. Defendant Crystal Lake Apartments Limited Partnership ("CLALP") has owned the building where the Plaintiffs lived, located at 130 Woodstock, Crystal Lake, Illinois ("Crystal Lake Apartments"), since 1989.

6. Defendant Crystal Lake Investments Limited Partnership ("CLILP") is the general partner of CLALP.

7. Defendant Equity Property Management, L.L.C. ("Equity") has been the management company at Crystal Lake Apartments since 1997.

8.  Defendant Dottie Danca was at all relevant times the building manager of the Woodstock property, and was hired by Equity, CLALP and CLILP to manage the property. Equity, CLALP and CLILP have delegated to Danca the power to make decisions at the Building regarding the maintenance of Crystal Lake Apartments and the concerns of the tenants.

### Facts

9.  In or about the spring of 1995, Danca was employed as the building manager of Crystal Lake Apartments. Her office was located directly below the Kriemans' Apartment.

10. From their Apartment located directly above Defendant Danca's office, Bridget and Darlene overheard Defendant Danca making derogatory statements about Anthony's race, including but not limited to "nigger," "little nigger," "black bastard," and "little bastard."

11. The Kriemans also heard Defendant Danca making vulgar, demeaning jokes about African-Americans.

12. CLALP has been aware of allegations regarding Danca making racially derogatory statements and taking discriminatory actions against Plaintiffs since at least 1996. CLALP failed to take effective action to curtail Danca's discriminatory actions and harassment.

13. CLALP has been aware of allegations regarding Danca making racially derogatory statements and taking discriminatory actions against Plaintiffs since at least 1996. CLALP failed to take effective action to curtail Danca's discriminatory actions and harassment.

14. Equity has been aware of allegation regarding Danca making racially derogatory statements and taking discriminatory actions against Plaintiffs since at least 2001. Equity failed to take effective action to curtail Danca's discriminatory actions and harassment.

15. In the summer of 1996, Brendan Holloran ("Holloran"), a friend of Anthony, Bridget and Darlene and resident of the Woodstock property, heard Defendant Danca call Anthony "that little bi-racial bastard."

16. On two separate occasions Brendan Holloran heard Defendant Danca refer to Anthony as "that little nigger."

17. On or about January 11, 2001, David Warren, a charter member of the Outreach Program of St. Thomas the Apostle Church in Crystal Lake, Illinois, met with Defendant Danca in an effort to convince her not to proceed with an eviction action against the Kriemans. Defendant Danca told Warren, "It's too late. The proceedings are going. . . They don't work and she has this bi-racial boy running around." Danca repeated the statement, "She has this biracial boy," several times during the conversation.

18. On June 18, 2001, Aaron E. Baker, an attorney for Prairie State Legal Services, sent a letter to David Barhydt, an attorney for Equity and/or Crystal Lake Apartments which stated:

> I negotiated with you on behalf of Darlene Krieman in the above case back in January and February of 2001. Since then, I have been able to obtain affidavits from two respected residents of Crystal Lake (one an active lay member of his church, one an elected committeeman for Nunda District Three) regarding encounters they had with Dotty Danca, the manager of Crystal Lake Apartments. Under oath, they have attested to a number of disturbing facts, which lead (necessarily, I believe) to certain conclusions that are pertinent here: first, that Dotty Danca is a racist; second, that because of her racism she is hostile to the Kriemans (Darlene Krieman has a biracial grandson); and third, that racism was at least one of Dotty Danca's motives for pursuing an eviction action against the

4

Kriemans. I would like to know what you and Equity Property Management propose to do about this situation. Please peruse the affidavits and get back to me at your earliest convenience.

19. Defendants Equity, CLALP and CLILP failed to adequately address the existing pattern of discrimination by Defendant Danca.

20. Upon information and belief, no adequate action was taken by Defendants Equity, CLALP or CLILP to address the allegations contained in Aaron Baker's letter.

21. Just over a month after the letter Aaron Baker's letter detailing allegations of racial discrimination was sent, on August 6, 2001, Defendant Danca informed the Kriemans that, because their housing assistance was discontinued, Bridget and Darlene each were required to complete a Thirty-dollar ($30) credit check or vacate the Apartment by August 31, 2001; despite the fact that Bridget and Darlene had a valid lease.

22. Defendants subjected Plaintiffs to different terms and conditions than tenants who did not have a family member who was African-American, including but not limited to the following:

    a. Defendant Danca refused to answer any of Plaintiffs' inquiries regarding Crystal Lake Apartments unless they were in writing;

    b. Plaintiffs were required to put repair requests in writing;

    c. In April, 2001, Defendants failed to repair Plaintiffs' telephone connection, leaving them without service for three weeks;

    d. In June 2002, Defendants failed to properly repair or replace the hot water heater in Plaintiffs' unit for six days, despite the fact that Plaintiffs' neighbors received new water heaters;

5

      e. In June 2002, the air conditioning unit in Plaintiffs' Apartment was inoperable, during which time the units in other apartments were repaired and/or replaced;

      f. Defendants failed to return Plaintiffs' security deposit.

23. Defendant Danca committed acts of retaliation against Plaintiffs for making allegations of racial discrimination at Crystal Lake Apartments, including but not limited to the following:

      a. When Bridget contacted Defendant Danca regarding the fact that their phone was inoperable, Defendant Danca informed Bridget that Defendant Equity would not pay Ameritech for the repairs because of the "allegations" Bridget made against Danca;

      b. Danca Requested a credit check fee from Plaintiffs, despite the fact they had a valid lease, soon after Defendants received a letter detailing allegations of racial discrimination at Crystal Lake Apartments.

24. Plaintiffs were forced to move from Crystal Lake Apartments as a result of the discrimination and racial harassment of Defendant Danca, and the failure of Defendants Equity, CLALP and CLILP to adequately address the discrimination and harassment to which Plaintiffs were subjected.

25. On August 5, 2002, Plaintiffs filed a HUD complaint against Equity, CLALP and Danca. Plaintiffs withdrew their complaint from HUD on September 30, 2004.

<h2 style="text-align:center"><u>Claims</u></h2>

<b><i>Fair Housing Act</i></b>

### Count I – 3604(a)

26. Plaintiffs repeat the allegations of paragraphs 1 through 25 as if fully set forth herein.

27. Defendant Danca's actions have violated 42 U.S.C. §3604(a) of the Fair Housing Act.

28. Defendant Equity, through the actions of its agent, is liable for the violation of Plaintiffs' rights under 42 U.S.C. §3604(a) of the Fair Housing Act.

29. Defendant CLALP, through the actions of its agent, is liable for the violation of Plaintiffs' rights under 42 U.S.C. §3604(a) of the Fair Housing Act.

30. Defendant CLILP, through the actions of its agent, is liable for the violation of Plaintiffs' rights under 42 U.S.C. §3604(a) of the Fair Housing Act.

### Count II – 3604(b)

31. Plaintiffs repeat the allegations of paragraphs 1 through 30 as if fully set forth herein.

32. Defendant Danca's actions have violated 42 U.S.C. §3604(b) of the Fair Housing Act.

33. Defendant Equity, through the actions of its agent, is liable for the violation of Plaintiffs' rights under 42 U.S.C. §3604(b) of the Fair Housing Act.

34. Defendant CLALP, through the actions of its agent, is liable for the violation of Plaintiffs' rights under 42 U.S.C. §3604(b) of the Fair Housing Act.

35. Defendant CLILP, through the actions of its agent, is liable for the violation of Plaintiffs' rights under 42 U.S.C. §3604(b) of the Fair Housing Act.

### Count III – 3604(c)

36. Plaintiffs repeat the allegations of paragraphs 1 through 35 as if fully set forth herein.

37. Defendant Danca's actions have violated 42 U.S.C. §3604(c) of the Fair Housing Act.

38. Defendant Equity, through the actions of its agent, is liable for the violation of Plaintiffs' rights under 42 U.S.C. §3604(c) of the Fair Housing Act.

39. Defendant CLALP, through the actions of its agent, is liable for the violation of Plaintiffs' rights under 42 U.S.C. §3604(c) of the Fair Housing Act.

40. Defendant CLILP, through the actions of its agent, is liable for the violation of Plaintiffs' rights under 42 U.S.C. §3604(c) of the Fair Housing Act.

### Count IV – 3617

41. Plaintiffs repeat the allegations of paragraphs 1 through 40 as if fully set forth herein.

42. Defendant Danca's actions have violated 42 U.S.C. §3617 of the Fair Housing Act.

43. Defendant Equity, through the actions of its agent, is liable for the violation of Plaintiffs' rights under 42 U.S.C. §3617 of the Fair Housing Act.

44. Defendant CLALP, through the actions of its agent, is liable for the violation of Plaintiffs' rights under 42 U.S.C. §3617 of the Fair Housing Act.

45. Defendant CLILP, through the actions of its agent, is liable for the violation of Plaintiffs' rights under 42 U.S.C. §3617 of the Fair Housing Act.

### Count V – Hostile Housing Environment

46. Plaintiffs repeat the allegations of paragraphs 1 through 45 as if fully set forth herein.

47. Defendant Danca's unwelcome racially motivated discriminatory conduct created a hostile housing environment that severely altered the Kriemans' living conditions in violation of the Fair Housing Act 42 U.S.C. §3601, et seq.

48. Defendant Equity, after receiving information regarding Defendant Danca's conduct, through action and inaction, intentionally and negligently, created a hostile housing environment by allowing unwelcome racially motivated discriminatory conduct that severely altered the Kriemans' living conditions in violation of the Fair Housing Act, 42 U.S.C. §3601, et seq.

49. Defendant CLALP, after receiving information regarding Defendant Danca's conduct, through action and inaction, intentionally and negligently created a hostile housing environment by allowing unwelcome racially motivated discriminatory conduct that severely altered the Kriemans' living conditions in violation of the Fair Housing Act, 42 U.S.C. §3601, et seq.

50. Defendant CLILP, after receiving information regarding Defendant Danca's conduct, through action and inaction, intentionally and negligently created a hostile housing environment by allowing unwelcome racially motivated discriminatory conduct that severely altered the Kriemans' living conditions in violation of the Fair Housing Act, 42 U.S.C. §3601, et seq.

## Prayer for Relief

WHEREFORE, Plaintiffs pray:

1. That the Court declare the actions of Defendants complained of herein to be violations of Fair Housing Act, 42 U.S.C. §3601, et seq.

2. That the Defendants be ordered to take affirmative action to ensure that the activities complained of above are not engaged in again by them or any of their agents.

3. That the Defendants, their agents, employees, and successors be permanently enjoined from discriminating on the basis of race against any person in violation of the fair Housing Act.

4. That the Court grant each of the Plaintiffs actual damages, punitive damages, and award reasonable attorney's fees, and costs.

5. That the Court grant such additional and further relief as may be just and proper.

*[signature]*
One of Plaintiffs' attorneys
Joseph R. Butler

The John Marshall Law School
Fair Housing Legal Clinic
28 E. Jackson Blvd., Suite 500
Chicago, IL 60604
(312) 786-2267
Attorney No. 6226654